IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,374






EX PARTE JONATHAN MARCUS GREEN









ON REVIEW OF AN ARTICLE 46.05 COMPETENCY TO EXECUTED
HEARING FROM CAUSE NO. 00-10-06435-CR IN THE 221ST DISTRICT COURT

MONTGOMERY COUNTY




 Per Curiam. 


O R D E R



 In July 2002, a jury found appellant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set appellant's punishment at death. This Court
affirmed appellant's conviction and sentence on direct appeal. Green v. State, No. AP-74,398 (Tex. Crim. App. Dec. 1, 2004)(not designated for publication). 

 In June 2004, appellant filed in the trial court his initial post-conviction application
for writ of habeas corpus. This Court denied appellant relief. Ex parte Green, No. WR-61,225-01 (Tex Crim. App. Mar. 23, 2005)(not designated for publication). Appellant filed
his first subsequent application in the trial court on June 23, 2010. This Court filed and set
appellant's competency issues, and dismissed his allegation that he was being subjected to
cruel and unusual punishment. See Ex parte Green, No. WR-61,225-02 (Tex. Crim. App.
June 30, 2010)(not designated for publication).

 On June 1, 2010, appellant filed an Article 46.05 motion to be evaluated for
competency to be executed. The trial court appointed experts to evaluate appellant and held
a hearing. After reviewing the reports submitted by both experts, the evidence presented
during the evidentiary hearing, and all documents filed in the case, the trial court found that
appellant had not established by a preponderance of the evidence that he was incompetent
to be executed. On motion of the State, the record was forwarded to this Court for a review
of that ruling. 

 After reviewing the record, this Court has determined that it needs more information. 
Specifically, the Court needs a clarification from the judge presiding over the competency
hearing. On page 191 of Volume 3 of the reporter's record, the trial judge stated the Panetti
v. Quarterman, 551 U.S. 930, 959 (2007), standard for reviewing competency claims. Then
she stated that defendants could file subsequent writ applications pursuant to Texas Code of
Criminal Procedure article 11.071 § 5 and stated that it was her 

 opinion that the burden is to show that the current claims and issues have
not been and could not have been presented previously in a timely initial
[writ] application or by a preponderance that no rational juror could have
found those questions beyond a reasonable doubt or by clear and convincing evidence that no rational juror would have answered in the State's favor on
the specific issues. 


She further stated that it was her "understanding we're here on the first section [of Article
11.071 § 5] because of a change in [appellant's] mental capacity from the time that [appellant
was] committed in 2002 to the present." She said again later that "this is the subsequent
writ." See Vol. 3, p. 192. Finally, in Volume 3, pages 194-95 of the reporter's record of the
hearing, the judge explained that she "talked about the three different types of subsequent
writs just to show that [she] had an understanding of the statute[.]" On the same pages, she
also stated that she followed "the Panetti standard" and applied "the Ford [v. Wainwright,
477 U.S. 399 (1986)] standard" and "after applying all of those standards," it was her ruling
not to grant a stay in the case.

 Because some of the standards mentioned are not applicable in this instance, we order
the trial judge, within fifteen (15) days of the date of this order, to file with the Clerk of this
Court a written clarification of the standard she followed in making her determination on
appellant's Article 46.05 competency motion. Appellant's execution is stayed pending
further order from this Court.

 IT IS SO ORDERED THIS THE 30th DAY OF JUNE, 2010.


Do not publish